**\*NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THOMAS GAGE, | : | |
| | : | Civil Action No. 11-862 (FLW) |
| Pro Se Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| | : | |
| WELLS FARGO BANK, N.A. AS, | : | |
| and SOMERSET COUNTY SHERIFF | : | |
| FRANK J. PROVENZANO, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**WOLFSON, District Judge:**

      This is one of many cases brought by pro se Plaintiff Thomas Gage ("Plaintiff") in this Court related to a state court order of foreclosure on his home. In the instant matter, Defendant Wells Fargo Bank N.A. AS ("Defendant" or "Wells Fargo") moves to dismiss Counts I and IV of the Complaint - these counts appear to be the only claims asserted against Wells Fargo.[1] Essentially, Count I alleges that Defendant had no right to foreclose on Plaintiff's home and Count IV alleges that Defendant committed criminal acts in enforcing the foreclosure without having any right to do so. For the reasons that follow, Defendant's motion is **GRANTED**.

---

[1]

      Defendant Somerset County Sheriff Frank J. Provenzano untimely answered Plaintiff's Complaint after a default was entered against him. In that connection, Plaintiff moves for default judgment. The Court will address these issues herein. However, the Court's Opinion will only substantively address Plaintiff's claims against Wells Fargo.

## BACKGROUND

For the purposes of this motion, the Court will take the relevant allegations set forth in the Complaint as true.[2]  As indicated by Plaintiff's description in his Opposition Brief and documents he referenced in his Complaint, on February 13, 2006, Plaintiff executed a Promissory Note in favor of Mortgage by Equity Source Home Loans, LLC in the amount of $750,000.  This Note was secured by a Mortgage on the real property located at 51 Hillcrest Boulevard, Warren, New Jersey (the "Property"), executed by Plaintiff and Lucia Gage.  According to Defendant, pursuant to a Pooling and Servicing Agreement, on June 11, 2008, the Mortgage was subsequently assigned to Wells Fargo.  This assignment was recorded in the Somerset County Clerk's Office on July 1, 2008.  Notwithstanding the assignment, Plaintiff vehemently disputes that Wells Fargo legitimately held the Mortgage.

While Plaintiff never referenced in the Complaint that he defaulted on the Mortgage, the documents from the state court foreclosure action reveal that, on or about February 1, 2008, Plaintiff and Lucia Gage defaulted on the Note and Mortgage, and as a result, a Foreclosure Complaint was filed by Wells Fargo in the Superior Court of New Jersey, Chancery Division, Somerset County under Docket No.: F-22089-08.  Because no responsive pleading or Answer was ever filed by Plaintiff or Lucia Gage to the Foreclosure Complaint, a Final Judgment or Foreclosure of the

---

[2]

Indeed, the majority of the allegations contained in Plaintiff's Complaint are conclusory accusations against the defendants in this case, and as such, the Complaint does not provide a complete and adequate factual background of the dispute.  To the extent the Court references other facts not in the Complaint, these facts are derived from public record, which the Court is permitted to consider on a Rule 12(b)(6) motion.  See Sandy Hook Watermans Alliance, Inc., v. New Jersey Sports and Exposition Auth., No. 11-813 (FLW), 2011 U.S. Dist. LEXIS 79488, at *2 n.1 (D.N.J. Jul. 20, 2011).

Property was entered on April 13, 2010. <u>See</u> Final Judgment dated April 13, 2010,  p. 1. Importantly, Plaintiff does not dispute the existence of the judgment, nor does he dispute the validity of the judgment, a copy of which is attached to Defendant's moving papers. <u>See</u>, <u>e.g.</u>, Compl., ¶¶ 24-26.

According to Defendant, a sheriff sale was scheduled and held on July 6, 2010, at which time Wells Fargo was the successful bidder for the Property.  On October 28, 2010, a Deed was recorded in the Somerset County Clerk's Office transferring the subject property to Wells Fargo.  <u>See</u> Somerset County Recorded Deed dated October 28, 2010.  Thereafter, Wells Fargo, pursuant to its status as owner of the Property, obtained a Writ of Possession and forwarded it to the Sheriff of Somerset County with instructions to evict the occupants.  During the pendency of this motion, Plaintiff was evicted from the Property.

Plaintiff initiated this suit on February 14, 2011, seeking, <u>inter alia</u>, "Federal Protection against the unlawful Foreclosure proceedings by the Defendants and to have the subject property returned into my name and the Mortgage held by Wells Fargo Bank, N.A. voided." <u>See</u> Opposition Brief at p. 7.  In that respect, Plaintiff asserts two counts against Wells Fargo - Counts I and IV. Both counts challenge Defendant's right to bring a foreclosure action against Plaintiff and Count IV additionally alleges "negligent actions of the Defendants" without specifying what actions committed by Defendant are alleged to be negligent.  In addition, Plaintiff asserted claims against defendant Provenzano.  Because Provenzano failed to answer timely, default was entered against him on April 11, 2011.  However, Provenzano filed an answer on April 18, 2011.  In the instant matters, Plaintiff moves for default judgment against Provenzano, and Wells Fargo moves to dismiss those counts asserted against it by Plaintiff.

3

**DISCUSSION**

**I.     Standard of Review**

The Federal Rules of Civil Procedure provide that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  Fed. R. Civ. P. 8(a).  The purpose of a complaint is "to inform the opposing party and the court of the nature of the claims and defenses being asserted by the pleader and, in the case of an affirmative pleading, the relief being demanded."  5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1182 (3d ed. 2004).

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a Court must take all allegations in the complaint as true, viewed in the light most favorable to the plaintiff "and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted).  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court "retired" the language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Twombly, 550 U.S. at 561 (quoting Conley, 355 U.S. at 45-46).  Rather, the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 555.  The Third Circuit summarized the pleading requirement post-Twombly:

> The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability

4

requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of 'the necessary element.'

Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

In affirming that the Twombly standard applies to all motions to dismiss, the Supreme Court recently further clarified the 12(b)(6) standard. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950. Accordingly, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. In short, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

The Third Circuit recently reiterated that "judging the sufficiency of a pleading is a context-dependent exercise" and "[s]ome claims require more factual explication than others to state a plausible claim for relief." West Penn Allegheny Health System, Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010). This means that, "[f]or example, it generally takes fewer factual allegations to state a claim for simple battery than to state a claim for antitrust conspiracy." Id. That said, the Rule 8 pleading standard is to be applied "with the same level of rigor in all civil actions." Id. (quoting Iqbal, 129 S.Ct. at 1953).

## II.   **Rooker-Feldman Doctrine**

Defendant argues that because Plaintiff's claims essentially attack the underlying state court order of foreclosure, these claims are barred by the Rooker-Feldman Doctrine. Pursuant to that

5

doctrine, federal district courts lack subject matter jurisdiction to review and reverse state court judgments. In re Knapper, 407 F.3d 573, 580 (3rd Cir. 2005). "[A] claim is barred by Rooker-Feldman under two circumstances; first, if the federal claim was actually litigated in state court prior to the filing of the federal action or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." Id. "[A] federal claim is 'inextricably intertwined' with an issue adjudicated by a state court when (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment." In re Madera, 586 F.3d 228, 232 (3d Cir. 2009) (quoting Walker v. Horn, 385 F.3d 321, 330 (3d Cir. 2004)). Where, on the other hand, the federal plaintiff presents "some independent claim, albeit one that denies a legal conclusion that a state court has reached," the doctrine does not apply. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 292 (2005) quoted in Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547-48 (3d Cir. 2006)). In such an instance, jurisdiction is confirmed and the court should then consider "whether the defendant prevails under principles of preclusion." Exxon Mobile, 544 U.S. at 292 quoted in Turner, 449 F.3d at 548.

In addition, Rooker-Feldman applies only to "state court losers . . . complaining of injuries caused by [a] state-court judgment[ ] rendered before the district court proceedings commenced and inviting district court review and rejection of [that] judgment." Gary v. Braddock Cemetery, 517 F.3d 195, 201 (3d Cir. 2008) (quoting Exxon, 544 U.S. at 284) (emphasis added). If no judgment had been reached in the state court action at the time the federal complaint was filed, there can be

6

no "loser."[3]  Whether a judgment has been rendered in a state foreclosure action is a question of state law.  See Randall v. Bank One, 358 B.R. 145, 159 n.9 (Bankr. E.D.Pa. 2006) (in reaching its Rooker-Feldman determination, applying Pennsylvania law to determine nature of foreclosure judgment).  In addition, it is the date of the complaint that determines, for Rooker-Feldman purposes, whether a judgment had been rendered.  See Gary, 517 F.3d at 201.

Courts in this circuit have held the Rooker-Feldman doctrine to bar challenges to a New Jersey foreclosure action in a series of recent cases.  Those cases involved plaintiffs seeking to:  (1) reexamine a state court's refusal to vacate a settled foreclosure-related action, see Siravo v. Country Wide Home Loan, 349 Fed. Appx. 766, 768 (3d Cir. 2009); (2) have the federal court assume jurisdiction over a post-Sheriff's sale ejectment action and enjoin the state court from adjudicating a summary judgment motion in that action, see Moncrief v. Chase Manhattan Mort. Corp., 275 Fed.Appx. 149, 152-53 (3d Cir. 2008); (3) obtain clear title, see Downey v. Perrault, 2009 WL 3030051, * 1 (D.N.J. Sept. 15, 2009); or (4) rescind the transaction, see In re Madera, 586 F.3d at 232; Ayers-Fountain, 153 Fed. Appx. at 92; Challenger v. U.S. Bank, 2009 WL 708116, *3 (D.N.J. Mar. 13, 2009).

Here, the Superior Court of New Jersey granted final judgment in the foreclosure action in favor of Wells Fargo on April 13, 2010 – well before the instant civil complaint was filed in this Court.  Indeed, that the foreclosure judgment had been entered is sufficient to invoke Rooker-

---

[3]

Hence, the Rooker-Feldman doctrine "divests a federal district court of jurisdiction if the plaintiff's claim was either (1) actually litigated in state court or (2) if the claim is inextricably intertwined with the prior state court ruling."  Lui v. Commission, Adult Entertainment, De, 369 F.3d 319, 328 n.12 (3d Cir. 2004) (citing Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419 (3d Cir. 2003) (emphasis added)).

Feldman.  Under New Jersey law, a mortgage foreclosure suit determines the right to foreclose and the amount due on the mortgage.  Sheerer v. Lippman & Lowy, 125 N.J. Eq. 93 (E. & A. 1939); Central Penn Nat'l Bank v. Stonebridge, Ltd., 185 N.J.Super. 289, 302 (Ch. Div. 1982).  See generally 30A N.J. Prac. Law of Mortgages § 31.25.  The foreclosure judgment also entitles the mortgagee to recover, by way of Sheriff's sale, the amount due from the land subject to the mortgage.  See N.J.S.A. 2A:50-36; First Union Nat'l Bank v. Penn Salem Marina, Inc., 383 N.J.Super. 562, 570 (App. Div. 2006) rev'd on other grounds by 190 N.J. 342 (2007).  Indeed, the terms of a mortgage foreclosure judgment will include "an order to sell so much of the mortgaged premises as will be sufficient to satisfy the mortgage and subordinate liens . . . and that an execution issue . . . commanding the [sheriff] to make sale …."  30A N.J. Prac. Law of Mortgages § 31.25.  In this case, not only was there a valid state court foreclosure judgment, eviction proceedings were also pending when the Complaint was filed, and indeed, Plaintiff has been evicted from the Property.  Having found that a valid state judgment exists, the Court next determines whether the claims asserted by Plaintiff against Defendant will undermine the state court judgment.[4]

Count I of the Complaint claims that Wells Fargo is an "imposter" and that it does not have any "rights" to foreclose on Plaintiff's property.  In that regard, Plaintiff is attempting to rescind the

---

[4]

To rebut Defendant's bases for preclusion under the Rooker-Feldman doctrine, Plaintiff, in his Opposition Brief, asserts a litany of statutory and common law violations against Defendant which do not appear in his Complaint.  Although the Court construes a pro se litigant's submissions liberally, the Court cannot permit Plaintiff to amend his Complaint through his legal brief.  See Amboy Bancorporation v. Bank Advisory Group, Inc., No. 10-1638, 2011 U.S. App. LEXIS 8494, at *22 (3d Cir. Apr. 25, 2011)("A plaintiff may not amend his complaint through arguments in his brief . . ." (citations and quotations omitted)).  Moreover, these alleged violations are conclusory in nature without any factual support.

underlying state court judgment.  These defenses now raised by Plaintiff should have been raised at the first instance in the state foreclosure action because they are "inextricably intertwined" with the state court's order of foreclosure.  Indeed, when a defendant in a state foreclosure action files a subsequent civil suit, courts have held that any claim that seeks to rescind the mortgage transaction is barred because it would be "inextricably intertwined with the foreclosure judgment." Jacobowitz, 2010 WL 1063895 at *2.  This is because granting rescission would require the federal court to invalidate the state foreclosure action.  See In re Madera, 586 F.3d at 232 (agreeing with district court's conclusion that "granting rescission would amount to finding that no valid mortgage existed"); Challenger, 2009 WL 708116 at ("to the extent Plaintiff seeks rescission of the transaction and related relief, these claims are barred by Rooker-Feldman, as the state court foreclosure proceeding was dependent upon the existence of a valid mortgage") (quoting In re Stuart, 367 B.R. 541, 551 (Bankr. E.D. Pa. 2007)) (internal quotation marks omitted).

Furthermore, at no time prior to the entry of the judgment did Plaintiff come forward to appear in the state action or raise issues he now seeks this Court to review.  In addition, no appeal was ever filed.  While Plaintiff could have challenged the allegations of the state foreclosure complaint, he failed to contest it at that time.  As a result, a final judgment was entered. Accordingly, to the extent Plaintiff's claim challenges Wells Fargo's right to bring a foreclosure action, the Rooker-Feldman doctrine bars Plaintiff from now contesting these issues in this Court which would directly undermine the validity of the state court judgment.

Similarly, Count IV is barred by Rooker-Feldman.  This count first alleges that Wells Fargo, along with defendant Provenzano, committed "criminal actions in enforcing a Foreclosure and a 'Writ of Possession' on the Plaintiff's home-property without any 'right' to do so."  Compl., ¶ 53.

Although couched in "criminal actions," Plaintiff again attacks the state court judgment at this juncture by averring that Wells Fargo did not have the legal right to bring a foreclosure action against him.  For the reasons stated above, to the extent this portion of the claim attempts to rescind the state court judgment, it is barred by the Rooker-Feldman doctrine.

Moreover, Plaintiff went on to allege that Defendant's "negligent action . . . have inflicted on Plaintiff and his family a grave emotional hardship, such as loss of control over their lives, marriage distress, depression, and insecurity of their future."  Id. at ¶ 54.  However, to the extent Wells Fargo initiated the eviction process pursuant to the state foreclosure judgment, these allegations are barred by Rooker-Feldman because they are also "inextricably intertwined" with the order of foreclosure, even if Plaintiff seeks monetary damage in connection with this claim. Indeed, the imposition of such damages would impair Defendant's rights under the foreclosure judgment because the judgment supports the mortgage's validity and confers upon Defendant the right to foreclose on Plaintiff's property.  A determination that Plaintiff is entitled to damages in this respect would require a finding that the state court erroneously entered the default judgment.  See Perkins v. Beltway Capital, LLC, 773 F. Supp. 2d 553, 559 (E.D. Pa. 2011).  Finally, it is important to note that nowhere in the Complaint does Plaintiff allege that Defendant intentionally or negligently committed any tort in the process of eviction.  Indeed, the theory of Plaintiff's Complaint against Defendant is solely premised upon  the allegations that Wells Fargo never held Plaintiff's mortgage in the first instance and therefore, it lacks standing to bring a foreclosure action against Plaintiff; unfortunately, these defenses should have been raised in state court.  As such, Plaintiff's claims against defendant Wells Fargo are barred by the Rooker Feldman doctrine.

10

III.    **Defendant Provenzano**

On April 11, 2011, the Clerk of the Court entered default against defendant Provenzano for failure to answer or otherwise respond to Plaintiff's Complaint.  However, on April 18, 2011, Plaintiff answered the Complaint, albeit untimely.  In the instant matter, Plaintiff moves for default judgment against Provenzano.  Because the Court favors deciding cases on their merits and because Provenzano has indicted his willingness to defend this action by filing an Answer, the Court will provide Provenzano an opportunity to respond to Plaintiff's motion for default judgment within seven days from the date of the Order accompanying this Opinion.

As a final note, during the pendency of these motions, Plaintiff was evicted from the Property.  Subsequently, on August 11, 2011, Plaintiff filed an emergent motion requesting "an immediate return of the unlawful re-possessed property to Plaintiff."  Having reviewed Plaintiff's motion, Plaintiff does not present anything new; rather, he re-asserts similar arguments he raised in his Opposition Brief to Wells Fargo's motion to dismiss, as well as the Complaint.  Because granting the emergent motion would necessary invalidate the state court judgment, Plaintiff's request is denied.

Date:   September 9, 2011                          /s/ Freda L. Wolfson____
                                                   Freda L. Wolfson, U.S.D.J.

11