***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS GAGE, | |
| Plaintiff, | |
| v. | Civil Action No. 11-862 (FLW) |
| SOMERSET COUNTY SHERIFF FRANK J. PROVENZANO, *et al.*, | OPINION |
| Defendants. | |

**WOLFSON, United States District Judge:**

This action is one of many cases filed by *pro se* Plaintiff Thomas Gage ("Plaintiff") in this Court related to a state court order of foreclosure on his home. Presently before the Court is Plaintiff's motion for summary judgment. Defendant Somerset County Sheriff Frank J. Provenzano ("Defendant" or the "Sheriff") opposes the motion and cross-moves for summary judgment. In essence, Plaintiff complains that Defendant violated his rights under the United States Constitution and various federal statutes by conducting a sheriff's sale on his home pursuant to a valid state court foreclosure judgment. Alternatively, Plaintiff alleges that Defendant failed to follow the foreclosure order thereby violating his rights. For the reasons set forth below, Plaintiff's motion for summary judgment is **DENIED** and Defendant's cross-motion for summary judgment is **GRANTED**.

1

**I. BACKGROUND**

The Court notes that it has previously dismissed Wells Fargo Bank ("WFB") as a defendant on September 9, 2011. In that Opinion, the Court set forth the facts relating to WFB's involvement in this matter. For the purposes of the present motion, the Court will incorporate and refer to the prior Opinion and only recount relevant facts that are not in dispute. This matter arises out of a foreclosure action on Plaintiff's home. On February 13, 2006, Plaintiff executed a Promissory Note ("Note") in favor of Mortgage by Equity Home Loans, LLC for $750,000. This Note was secured by a mortgage on the real property located at 51 Hillcrest Boulevard, Warren, New Jersey (the "Property"). According to Plaintiff, the mortgage was assigned to WFB on June 11, 2008, pursuant to a Pooling and Servicing Agreement. While Plaintiff never acknowledged his default on the mortgage, the documents from the state court action reveal that on or about February 1, 2008, Plaintiff and Lucia Gage defaulted on the note and mortgage, and as a result, a Foreclosure Complaint was filed by WFB in the Superior Court of New Jersey, Chancery Division, Somerset County under Docket No.: F-22089-08. Because Plaintiff and Lucia Gage failed to file a responsive pleading to the Foreclosure Complaint, the state court entered a Final Judgment of Foreclosure of the Property on April 13, 2010. It is important to note that this Court has already found that as a result of Plaintiff's lack of defense in the state foreclosure action, the state court order is final and valid. *See* Opinion dated September 9, 2011.

By way of letter dated April 26, 2010, attorneys for WFB forwarded to the Sheriff's Office a Writ of Execution. In addition, by way of a cover letter, the original Affidavit of Consideration and Short Form Description were forwarded to the Sheriff's Office. *See* Przybylski's Cert., Ex. A. After receiving the foregoing documents, the Sheriff's Office placed sheriff's sale advertisements of the Property in three newspapers (Courier News, Recorder

2

Publisher, and Somerset Spectator) on these particular dates: May 12, 20120, May 20, 2010, May 27, 2010, and June 3, 2010.  *See* Przybylski's Cert., Ex. B.

On May 14, 2010, Sheriff's Officer Michael DeRosa posted the Sheriff's Sale Advertisement along with the Writ of Execution on the front door of the Property.  *See* Przybylski's Cert. at 2.  Subsequently, Plaintiff applied for and received adjournments of the sale.  *Id.*  According to Defendant, the Sheriff's sale finally took place on July 6, 2010.  Two bidders attended the Sheriff's sale.  One of them was a WFB representative, and he tendered the successful bid of $461,000.  *See* Przybylski's Cert. at p. 3.

After the sale, the Sheriff executed a deed covering title to the Property and that deed was presented to the Somerset County Court Clerk's Office for filing.  On January 3, 2011, Mr. Mospack from the Sheriff's Office served Plaintiff with a Writ of Possession at which time Plaintiff refused to leave the Property. *See* Przybylski's Cert. at p. 3.  Plaintiff, his family, and Plaintiff's Tenant were ultimately evicted on August 8, 2011.

## II. DISCUSSION

### A.  Standard of review

Courts will enter summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.  *Id.*  In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences

3

drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U .S. 574, 587 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the non-moving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. *Id.* at 324. The non-moving party may not rest upon the mere allegations or denials of its pleading. *Id.; Maidenbaum v. Bally's Park Place, Inc.,* 870 F.Supp. 1254, 1258 (D.N.J.1994).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Cattret,* 477 U.S. at 322.

On a motion for summary judgment, the court does not "weigh the evidence and determine the truth of the matter, but [instead] determine[s] whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 242-43. Credibility determinations are the province of the fact finder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.,* 974 F.2d 1358, 1363 (3d Cir.1992).

### B. Qualified Immunity

Defendant argues that all of Plaintiff's claims against him should be dismissed based on qualified immunity. Indeed, the doctrine of qualified immunity, which was recently refined by the Supreme Court, protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Supreme Court in *Pearson* held that while

4

qualified immunity should be determined in a two-part analysis, it abandoned the strict sequence of the analysis it had previously articulated in *Saucier v. Katz*, 533 U.S. 194 (2001).

Before *Pearson,* the Supreme Court required the Court to determine first, "whether the facts that a plaintiff has alleged ... make out a violation of a constitutional right. Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson*, 555 U.S. at 233 (quoting *Saucier*, 533 U.S. at 201). "Because the two-step Saucier procedure is often, but not always, advantageous, the judges of the district courts and the courts of appeals are in the best position to determine the order of decision making that will best facilitate the fair and efficient disposition of each case." *Id.* at 821. Whether an officer protected by qualified immunity may be held personally liable for an allegedly unlawful state action generally turns on the "objective legal reasonableness" of the action. *See Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982)). "The contours of the right must be sufficiently clear that a reasonable [officer] would understand that what he is doing violates that right." *Id.* at 640.

In his Complaint, Plaintiff claims that Defendant "has failed to perform his duty to protect Plaintiff's constitutional rights." It appears that Plaintiff takes issue with Defendant's actions in enforcing the State Foreclosure Order, i.e., the Sheriff's sale of the Property. Turning to that conduct, the Court finds that Defendant is entitled to qualified immunity because his actions did not violate any clearly established law.

Plaintiff's Complaint is not well drafted; in that regard, it is difficult to discern the specific claims. However, it appears that Plaintiff asserts a host of constitutional violations,

5

including due process and equal protection, stemming from the Sheriff's Sale.[1]  However, regardless of what types of claims Plaintiff has brought under the Constitution, this Court finds that because Defendant acted pursuant to a valid state court judgment, Defendant's actions – conducting the Sheriff's sale – did not violate any clearly established law.  Rather, the Sheriff simply fulfilled his obligations of enforcing the foreclosure judgment entered against Plaintiff in state court.  *See Gray v. Pagano*, 287 Fed. Appx. 155, 158-59 (3d Cir. 2008) (noting claim against sheriff putting property up for foreclosure sale, *inter alia*, was barred by immunity); *Chen v. Rochford*, 145 Fed. Appx. 723, 725 (3d Cir. 2005) (dismissing appeal; noting order dismissed claims against sheriff connected to foreclosure sale as barred by immunity); *see also Kushner v. Wachovia, N.A.*, No. 10-5488, 2010 U.S. Dist. LEXIS 129432, at *8 (D.N.J. Dec. 8, 2010) ("[t]he claims asserted against the Sheriff also are barred by qualified immunity, as the Sheriff's conduct violated no clearly established statutory or constitutional rights.").[2]

The Court also rejects Plaintiff's allegations that Defendant's conduct violated the Constitution because the "Write of Possession" and the trial court's judgment were fraudulently obtained by WFB.  First, to the extent Plaintiff attempts to challenge the state court foreclosure order, that claim, as the Court has previously ruled in its Opinion with respect to the claims raised against WFB, is barred by the *Rooker-Feldman* doctrine.  Additionally, the Sheriff was

---

[1]  While Plaintiff asserts allegations of trespass, loss of real property, and intentional infliction of emotional distress as a result of the foreclosure, these alleged acts, as they appear in the Complaint, are related to his constitutional claims.  Nonetheless, even if these acts were separate claims, the Sheriff is entitled to qualified immunity for the same reasons why the Sheriff is immunized from Plaintiff's constitutional claims.  *See, infra*.

[2]  In his motion papers, Plaintiff additionally alleges, inter alia, that as a result of the Sheriff's sale, the personal properties of Plaintiff and his "Tenant" were "damaged, mistreated and misplaced." Plaintiff's Br. at p. 15.  However, these allegations were not pled in the Complaint.  Clearly, under well-established law, Plaintiff may not amend his Complaint through briefing.  *See Commonwealth of Pennsylvania, Ex Rel. Leroy S. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 182 (3d Cir. 1988).

6

not in a position to challenge the foreclosure order, but rather, it was Plaintiff's choice not to exercise his rights to appeal.

Finally, Plaintiff claims that Defendant abused his discretion by failing to sell the Property for $814,646.32. The Court finds Plaintiff's claim without merit. First, Defendant was not required to sell the Property for $814,646.32. The amount stated in the Writ of Execution is simply the mortgage amount secured by Plaintiff. In fact, the Bidding Worksheet, submitted by Defendant, indicates that two parties bid for the Property. *See* Def.'s Ex. E. The first bidder was a WFB representative. The second bidder was Mr. Raui Abuumilli-MauraliAb. *Id.* According to the Bidding Worksheet, the highest bid was $461,000.00. The final bid was submitted by the WFB representative and accepted by Defendant. Second, according to Defendant's Sworn Affidavit, Defendant duly advertised the property in question. Defendant has provided copies of the Sheriff's sale advertisements in three different newspapers. Accordingly, in sum, the Sherriff followed the procedures of a Sheriff's sale, and in that regard, the record contains no facts supporting Plaintiff's claim that Defendant acted improperly or "abused Plaintiff's rights."

Finally, Plaintiff asserts violations under the following statutes: 18 *U.S.C.A.* §4 (misprision of felony), 18 *U.S.C.A* §1505 (obstruction of justice), 18 *U.S.C.A* §1510 (obstruction of criminal investigation), and 18 *U.S.C.A.* §2381 (treason). Because these statutes are criminal in nature, this Court is without jurisdiction in this civil suit to entertain them.

**III.  CONCLUSION**

After careful review of the facts underlying the foreclosure sale of the Property, and viewing all facts and reasonable inferences in light most favorable to Plaintiff, this Court concludes that there is no genuine issue of material fact regarding Defendant's qualified immunity defense.  Hence, Defendant's motion for summary judgment is GRANTED and Plaintiff's motion for summary judgment is DENIED.  *See Celotex Corp.*, 477 U.S. at 323.

Date:   March 5, 2012                                                               /s/        Freda L. Wolfson
                                                                                      Freda L. Wolfson, U.S.D.J.