**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS I. GAGE, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, NA AS *et al.*, <br><br> Defendants. | Civil Action No. 11-862 (MAS) (TJB) <br><br> **MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Thomas I. Gage's ("Plaintiff") Motion to Vacate Judgment. (ECF No. 50.) Defendant Wells Fargo Bank, NA AS ("Wells Fargo") opposed (ECF No. 51), and Plaintiff did not reply. After careful consideration of the parties' submissions, the Court decides Plaintiff's Motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, Plaintiff's Motion to Vacate Judgment is denied.

The Court adopts and incorporates the factual background set forth in the Third Circuit's Opinion affirming the previous judgments against Plaintiff in this case.[1] (Op.) In the instant Motion, Plaintiff contends that Wells Fargo's attorneys and Provenzano, as court officers,

---

[1] On February 14, 2011, Plaintiff filed his Complaint against Wells Fargo and Sheriff Frank J. Provenzano ("Provenzano"), challenging a foreclosure judgment and sale. (Compl., ECF No. 1.) On March 30, 2011, Wells Fargo filed a Motion to Dismiss Plaintiff's Complaint, which was granted. (ECF Nos. 8, 23.) On December 20, 2011, Provenzano filed a Motion for Summary Judgment, which was also granted. (ECF Nos. 37, 42.) Accordingly, on March 5, 2012, this case was closed. (*See* ECF No. 42.) The Third Circuit affirmed both judgments. (Op., ECF No. 46-2.)

intentionally submitted fabricated documents within Thomas Przybylski's ("Przybylski") Certification and the accompanying exhibits to procure judgment against Plaintiff. (*See* Pl.'s Moving Br. ¶¶ 8-12, ECF No. 50; Certification of Thomas Przybylski Exs. A, H, I, L, ECF No. 37-1.) Additionally, Plaintiff claims that Wells Fargo and Provenzano made false statements in accordance with the fabricated documents that the Court relied on in entering judgment against Plaintiff. (Pl.'s Moving Br. ¶¶ 13-16.) Plaintiff now seeks to vacate the judgment entered against him under Federal Rule of Civil Procedure 60(d)(3)[2] on grounds of fraud.[3]

Generally, "Rule 60(d) permits a court to entertain an independent action to relieve a party from a judgment in order to 'prevent a grave miscarriage of justice.'" *Jackson v. Danberg*, 656 F.3d 157, 166 (3d Cir. 2011) (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). For a party to succeed under Rule 60(d)(3), the party must show that there has been "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005). This is "a demanding standard." *Id.* at 390. A "determination of fraud on the court may be justified only by the most egregious misconduct directed to the court itself," and "it must be supported by clear, unequivocal[,] and convincing evidence." *Id.* at 386-87.

After consideration of Plaintiff's Motion to Vacate Judgment, the Court finds that Plaintiff's allegations do not meet the demanding requirements of Rule 60(d)(3). Significantly, Plaintiff largely provides mere legal conclusions as to each of the necessary elements. (*See, e.g.*,

---

[2] All references to "Rule" hereinafter refer to the Federal Rules of Civil Procedure.

[3] While the judgments Plaintiff seeks to vacate are over ten years old, his Motion to Vacate is not subject to time limitations because it is filed under Rule 60(d). (ECF Nos. 23, 42; *see also Rumanek v. Indep. Sch. Mgmt. Inc.*, 744 F. App'x 43, 46 n.5 (3d Cir. 2018).) Accordingly, the Motion is timely.

2

Pl.'s Moving Br. ¶¶ 13-16; *see United States v. Donahue*, 733 F. App'x 600, 603 (3d Cir. 2018) (concluding that tactics to frame arguments in terms of the fraud required by Rule 60(d)(3) are insufficient); *Herring*, 424 F.3d at 386-87 (concluding that a determination of fraud on the court must be supported by clear, unequivocal, and convincing evidence).[4] In fact, Plaintiff's only evidence in support of his fraud claims is a collection of signatures from Provenzano, Judge Thomas C. Miller, and court clerk Jennifer Perez that he maintains are noticeably different between submitted documents. (Certification of Thomas Przybylski Exs. A, H, I, L; Pl.'s Moving Br., Exs. H1, I1, L1.) Plaintiff claims that the variations in signatures prove that Wells Fargo's attorneys and Provenzano forged the documents. (Pl.'s Moving Br. ¶ 38.) Importantly, however, Plaintiff fails to show that the submission of these documents constitutes an intentional fraud directed towards the Court.

Regardless of the validity of the claim that the documents were forged, Plaintiff offers no evidence that Wells Fargo's attorneys and Provenzano: (1) knew about the alleged discrepancy in signatures; and (2) submitted the documents with the intent to deceive the court. *See United States v. Burke*, 193 F. App'x 143, 144 (3d Cir. 2006) (noting that even if evidence was sufficient to establish false testimony, it does not establish that the attorney intentionally permitted or condoned the false testimony); *United States v. Barbosa*, 239 F. App'x 759, 760 (3d Cir. 2007) (affirming the denial of a motion to vacate judgment for failure to cite evidence indicating that the attorney knew there was false information in an affidavit). Without clear and convincing evidence that

---

[4] The Court will not consider Plaintiff's additional claims that are inconsistent with the record, such as Plaintiff's claim that there were two different Sheriff's Deeds for the sale of his former property. (Pl.'s Moving Br. ¶ 38.) In the case of the Sheriff's Deeds, the Sheriff's Deed that Plaintiff alleges was different was merely a duplicate of the original submitted to prove that it was filed with the Clerk's Office. (*See* Certification of Thomas Przybylski Exs. H, I.)

Wells Fargo's attorneys and Provenzano intended to deceive the Court, Plaintiff's Rule 60(d)(3) Motion to Vacate cannot succeed. Accordingly,

IT IS on this 6th day of July 2023, **ORDERED** that:

1. Thomas I. Gage's Motion to Vacate Judgment (ECF No. 50) is **DENIED**.

　　　　　　　　　　　　　　　　　　　　／s／ Michael A. Shipp
　　　　　　　　　　　　　　　　　　　　**MICHAEL A. SHIPP**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**